David S. Sager
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078-2704
Tel.: (973) 520-2550
Fax: (973) 520-2551
Email: david.sager@us.dlapiper.com

*Attorneys for Plaintiffs*
*Super 8 Worldwide, Inc. and*
*Wyndham Hotels & Resorts, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC. and WYNDHAM HOTELS & RESORTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHLAND HOTEL, INC., JUI J. LIN, and MING LI LIN, <br><br> Defendants. | HONORABLE <br> Civil Action No. 2:23-cv-3163 <br><br><br> **COMPLAINT** <br><br><br> Document Electronically Filed |

Plaintiffs Super 8 Worldwide, Inc. and Wyndham Hotels & Resorts, Inc., by their attorneys, DLA Piper LLP (US), complaining of defendants Northland Hotel, Inc., Jui J. Lin, and Ming Li Lin, say:

### THE PARTIES

1. Plaintiff Super 8 Worldwide, Inc. ("SWI") is a South Dakota corporation that maintains a principal place of business in Parsippany, New Jersey.

2. Plaintiff Wyndham Hotels & Resorts, Inc. ("WHR") is a Delaware corporation that maintains a principal place of business in Parsippany, New Jersey. WHR is the indirect parent entity of SWI.

1

3. Upon information and belief, Northland Hotel, Inc. ("Northland") is an Ohio corporation with a principal place of business in Columbus, Ohio.

4. Upon information and belief, Jui J. Lin is a natural person and a resident and citizen of Ohio.

5. Upon information and belief, Ming Li Lin is a natural person and a resident and citizen of Ohio.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 inasmuch as SWI and WHR and each of the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.

7. This Court has personal jurisdiction over Northland by virtue of Section 17.6.3 of the March 9, 2010 License Agreement between SWI and Northland (the "License Agreement"), pursuant to which Northland consented and waived objection to the personal jurisdiction of and venue in the "New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under [the License] Agreement or between [SWI] and [Northland]."

8. The Court has personal jurisdiction over Jui J. Lin and Ming Li Lin (collectively, the "Guarantors") pursuant to the terms of a Guaranty (the "Guaranty") executed by the Guarantors whereby the Guarantors acknowledged the application of Section 17 of the License Agreement.

9. Venue is proper in this District pursuant to Section 17.6.3 of the License Agreement, in which the parties consented to venue in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

10. SWI and Northland entered into the License Agreement for the operation of a 165-room Super 8® guest lodging facility located at 1078 East Dublin-Granville Road, Columbus, OH 43229 (the "Facility").

11. Pursuant to Section 8.1 of the License Agreement, Northland agreed to indemnify SWI and its affiliates (defined as "Indemnitees") and hold them harmless "from and against all Losses and Expenses, incurred by any Indemnitee for any investigation, claim, action, suit, demand, administrative or alternative dispute resolution proceeding, relating to or arising out of any transaction, occurrence or service at, or involving the operation of, the Facility . . . ."

12. Pursuant to Section 8.2 of the License Agreement, Northland agreed to "reimburse the Indemnitee for all costs of defending the matter[s], including reasonable attorneys' fees, incurred by the Indemnitee if your insurer or you do not assume defense of the Indemnitee promptly when requested, or separate counsel is appropriate, in our discretion, because of actual or potential conflicts of interest."

13. The definition of "Indemnitees" in Appendix A of the License Agreement includes WHR, the ultimate parent company of SWI.

14. Pursuant to Section 17.4 of the License Agreement, Northland agreed that "[t]he non-prevailing party will pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

15. In conjunction with the License Agreement, the Guarantors provided SWI with the Guaranty, pursuant to which the Guarantors agreed, among other things, to "immediately make

each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee under the [License] Agreement."

16. Since 2019, four individual plaintiffs, proceeding by pseudonym, have filed actions in which SWI and/or WHR have been named as a defendant alleging that they were the victims of human trafficking at the Facility at various times between 2009 and 2020 as follows (i) *H.H. v. G6 Hospitality, LLC, et al.*, No. 2:19-CV-0755 (S.D. Ohio), (ii) *K.C. v. Choice Hotels International, Inc., et al.*, No. 2:22-CV-2683 (S.D. Ohio), (iii) *A.R. v. Wyndham Hotels & Resorts, Inc., et al.*, No. 2:21-CV-4935 (S.D. Ohio), and (iv) *T.P. v. Red Roof Inns, Inc., et al.*, No. 2:21-CV-4933 (S.D. Ohio) (together, the "Underlying Actions").

17. Neither SWI nor WHR owned, operated, managed, or exercised (or had authority to exercise) day-to-day control over the Facility, including at any time during which any of the plaintiffs to the Underlying Actions allege that they were the victim of human trafficking, and WHR has denied any liability in all of the Underlying Actions.

18. SWI and WHR demanded indemnification from Northland for all fees, costs, and expenses incurred in the Underlying Actions. Despite these demands and its contractual obligation under the License Agreement, Northland has failed and refused to reimburse SWI and WHR for the fees, costs, or expenses that they have incurred to defend the Underlying Actions.

19. SWI and WHR have incurred "Losses and Expenses," including attorneys' fees and costs, in an amount in excess of $75,000 in defending against the Underlying Actions. Additional costs continue to accrue as the Underlying Actions progress.

## COUNT I
### (CONTRACTUAL INDEMNIFICATION AGAINST NORTHLAND)

20. SWI and WHR repeat and reallege the allegations contained in paragraphs 1–19 as if set forth at length herein.

21. Pursuant to Sections 8.1 and 8.2 of the License Agreement, Northland is required to indemnify SWI and all Indemnitees for "all Losses and Expenses" incurred in the Underlying Actions, including "all costs of defending the matter, including reasonable attorneys' fees. . . ."

22. Northland has failed to indemnify SWI and/or WHR for any "Losses and Expenses" incurred in the Underlying Actions or to agree to indemnify SWI and/or WHR for liability, if any, in the Underlying Actions in breach of their obligations in the License Agreement.

## COUNT II
### (COMMON LAW/EQUITABLE INDEMNIFICATION AGAINST NORTHLAND)

23. SWI and WHR repeat and reallege the allegations contained in paragraphs 1–19 as if set forth at length herein.

24. SWI and WHR are entitled to recover from Northland for all fees and costs incurred by SWI and WHR in the Underlying Actions and for any damages that may be awarded to plaintiffs in the Underlying Actions that were caused by or resulted from the operation of the Facility.

## COUNT III
### (BREACH OF GUARANTY AGREEMENT BY GUARANTORS)

25. SWI, and WHR repeat and reallege the allegations contained in paragraphs 1–19 as if set forth at length herein.

26. Pursuant to the Guaranty, the Guarantors, among other things, guaranteed that all obligations under the License Agreement would be punctually paid and performed and that, upon

breach of the Agreement, the Guarantors would immediately make each payment and perform or cause Northland to perform each obligation under the License Agreement.

27. Despite their obligation to do so under the Guaranty, the Guarantors have failed to make any payments or to perform or cause Northland to perform the obligations to indemnify and hold SWI and WHR harmless.

**WHEREFORE**, based on the foregoing, SWI and WHR seek judgment in their favor and against Northland and the Guarantors for (i) contractual and/or equitable indemnification of all losses, expenses, fees, and costs that have been or may be incurred by SWI and/or WHR in the Underlying Actions, (ii) a declaratory judgment that Northland is obligated to indemnify and hold SWI and WHR harmless for any liability that may be incurred in the Underlying Actions, and (iii) costs, attorneys' fees, interest, and such other relief as the Court deems just and appropriate.

Dated:  June 9, 2023

/s/ *David S. Sager*
David S. Sager
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway - Suite 120
Short Hills, New Jersey 07078
Tel.: (973) 520-2570
Fax: (973) 520-2551
Email: david.sager@us.dlapiper.com

*Attorneys for Plaintiffs*
*Super 8 Worldwide, Inc. and*
*Wyndham Hotels & Resorts, Inc.*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except: (i) *A.R. v. Wyndham Hotels & Resorts, Inc., et al.*, No. 2:21-CV-4935 (S.D. Ohio), and (ii) *T.P. v. Red Roof Inns, Inc., et al.*, No. 2:21-CV-4933 (S.D. Ohio).

Dated: June 9, 2023                                        /s/ *David S. Sager*
                                                                            David S. Sager